UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA     :     CASE NO. 4:03-CR-251
                                          :
              Plaintiff,                  :
                                          :
vs.                                       :     ORDER & OPINION
                                          :     [Resolving Doc. No. 40]
TYRONE GILBERT                  :
                                          :
              Defendant.              :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Defendant Tyrone Gilbert moves this Court for credit for time served. [Doc. 40.] The

Government opposes the Defendant's motion. [Doc. 41.] For the reasons discussed below, this Court

**DENIES** the Defendant's motion for credit for time served.

                                   I.  Background

       Defendant Gilbert was imprisoned as a result of a 2003 conviction for controlled substance

and firearms offenses.  Upon release in 2008, while subject to supervised release, Gilbert lived at a

halfway house from August 25, 2008 to September 30, 2008.  During the course of his supervised

release, Gilbert incurred three violation reports and two violation hearings.  On October, 23, 2008,

after the third violation report and evidentiary hearing, the Court revoked Gilbert's supervised

release.  The Court sentenced Gilbert to six months imprisonment.  Following the incarceration, the

Court sentenced Gilbert to 18 months of supervised release, the first six of which was to be served

on community control sanction. [Doc. 32.]  On October 28, 2008, Defendant Gilbert filed a timely

notice of appeal with the Sixth Circuit, which is currently pending.  On January 2, 2009, Defendant

Gilbert filed the instant motion, in the form of a letter, requesting the Court credit him for the time

Case No. 4:03-CR-251
Gwin, J.

he spent in the halfway house, alleging that the Court "specifically informed" him that he would receive credit for that time.  [Doc. 40.]

## II.  Analysis

The Court never specifically granted Defendant Gilbert credit for time served in the halfway house.  Rather, the Court ordered that the Defendant be given "credit for time served on the instant violation," meaning time served since the violation.  This did not include time served on the original supervised release sentence, which the Defendant was charged with violating.

Regardless, the Court does not have jurisdiction over this issue.  The Defendant filed a notice of appeal on October 28, 2008, more than two months before filing the instant motion.  Jurisdiction over the criminal case has thus transferred to the Sixth Circuit Court of Appeals.  *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).  Moreover, this Court is not authorized to grant a defendant credit for time served before sentencing prior to the defendant's exhaustion of administrative remedies.  *United States v. Oglesby*, 2002 WL 31770320 *1 (6th Cir. 2002).  Because there is no showing that Defendant Gilbert has exhausted his administrative remedies, the Court lacks jurisdiction to consider the Defendant's motion.

## III.  Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion for credit for time served. [Doc. 40].

IT IS SO ORDERED.

Dated: March 6, 2009                          s/          *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

-2-